UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEVEN JUDE,

        Plaintiff,

    v.                                   21-CV-654-LJV
                                             TEMPORARY RESTRAINING
KEVIN J. BROWN, *et al.*,                 ORDER

        Defendants.

---

        The plaintiff, Steven Jude, is a prisoner confined at the Wende Correctional Facility ("Wende"). On June 9, 2021, Jude filed a complaint alleging that the defendants, various staff members at Wende, violated his rights and retaliated against him. Docket Item 1. Jude also moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it). Docket Item 3.[1]

        In a letter to this Court dated June 7, 2021, Jude alleged that when the defendants learned about this lawsuit, they increased their retaliation against him.

---

        [1] Jude also moved for the appointment of counsel, Docket Item 2, and for this Court to refer to him by only his initials, Docket Item 4. Because *pro bono* counsel already has been appointed to assist Jude with his motion for a temporary restraining order ("TRO") and preliminary injunction, and because *pro bono* co-counsel will be appointed to assist with an evidentiary hearing, Jude's motion for the appointment of counsel is denied without prejudice. At the end of *pro bono* counsel's current appointment, Jude may again move for the appointment of counsel if he would like.

        Jude's request for this Court to refer to him by his initials also is denied without prejudice. Jude apparently is worried that other prisoners will learn that he brought his lawsuit, *see* Docket Item 4; however, it appears that other prisoners, at least at Wende, already know, *see* Docket Items 35, 36. Jude may again move for this Court to refer to

Docket Item 5. At that time, the Court granted Jude's motion to proceed *in forma pauperis*, Docket Item 6; deferred screening the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, *id.*; construed the June 7 letter as a motion for a TRO and preliminary injunction requiring his transfer from Wende or otherwise preventing retaliation against him, *id.*; and appointed *pro bono* counsel, Bernadette Gargano, Esq., solely for the purpose of representing Jude with respect to his motion for a TRO and preliminary injunction, Docket Items 9, 14. On June 25, 2021, the defendants responded to the motion for a TRO and preliminary injunction, Docket Item 22, and on June 23, 2021, Jude replied, Docket Item 34.

Meanwhile, on July 9, 2021, this Court ordered Wende to arrange a private conference of "no less than 90 minutes" between Jude and Gargano by July 16, 2021. Docket Item 30. Wende arranged for a call on July 14, 2021, but the "call was limited to fifteen minutes," Docket Item 35; Gargano also expressed concern that the call had been monitored or recorded, *id.* Jude also has submitted several letters alleging that the defendants have continued to retaliate against him, including by denying or removing his reasonable accommodations and subjecting him to unconstitutional and inhumane conditions of confinement. *See* Docket Items 25, 26, 31, 32, 44, 46, 49, 50, 51.

On August 10, 2021, the Court heard oral argument on the motion for a TRO and preliminary injunction and proposed the below terms to which both parties agreed. Docket Item 52.

---

him by his initials, and, if he does, he should provide more details as to why using his name in any order or opinion would compromise his safety.

Therefore, and in light of the above, the motion for a TRO is GRANTED IN PART ON CONSENT until the Court holds an evidentiary hearing on the remaining issues,[2] and the following TRO terms shall apply:

1.  The defendants shall not retaliate against Jude for his grievances and complaint, including, but not limited to:  removing or denying Jude's previously granted reasonable accommodations; subjecting Jude to unsanitary or unsafe conditions of confinement; withholding medical treatment; or interfering with Jude's access to counsel or legal documents; and

2.  The defendants shall allow Jude to communicate with his counsel at times mutually convenient for both counsel and the facility, and counsel and the facility shall cooperate in scheduling any conferences.  During these conferences, Jude shall have access to his necessary legal documents and shall participate in conferences in or from a private room.  The conferences shall not be monitored in any manner, either over the telephone line or otherwise, and no persons, including security staff, shall be present in the room with Jude.  Any conferences shall not be limited to less than one hour and such additional time as may reasonably be necessary, even when Jude is housed in the Special Housing Unit ("SHU"); and

3.  The defendants shall house Jude in a cell that includes a mattress, bedding, clothes, access to food and water, and is otherwise sanitary; and

4.  The defendants shall provide Jude with all his previously approved reasonable accommodations, such as his 20/20 pens and leg brace.  The defendants

---

[2] As discussed at the August 10 oral argument, Gargano and to-be-appointed *pro bono* co-counsel shall coordinate with the defense and propose a hearing date to the Court.

shall conduct an individualized inquiry into Jude's request for a daily CCTV and typewriter for his use in the SHU, *see Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 76-77 (2d Cir. 2016); and

5. The defendants shall follow all protocols for determining whether Jude poses a suicide risk and all protocols if Jude is determined to be a suicide risk.

The parties shall file a joint status update regarding this TRO every 30 days. In that status update, the defendants shall certify compliance with the above terms, and the parties may raise any other issues in implementation of the above terms or other concerns that they have and wish the Court to consider.

SO ORDERED.

Dated:   August 11, 2021
         Buffalo, New York

                                          _____
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE